NO. 07-04-0007-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 3, 2005

_____

VIVIAN COONS, et al.,

Appellants

v.

HOCKLEY COUNTY APPRAISAL DISTRICT,

Appellee

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 00-08-18109; HON. HAROLD PHELAN, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Vivian Coons, Bank of America, as Trustee of the Vivian Coons Trust, Jack Walker, as Executor of the Estate of Christina J. Coons, deceased, and as Trustee of the Michael Arthur Coons Revocable Trust, the Michael A. Coons Trust under the will of Christina J. Coons, the Terry Dean Coons Revocable Trust, the Terry Dean Coons Revocable Trust under the will of Christina J. Coons, the Ronda S. Caldwell Revocable Trust, the Ronda S. Caldwell Trust under the will of Christina J. Coons, the Mark C. Coons Trust 1, the Mark

C. Coons Revocable Inter Vivos Trust, the Mark C. Coons Trust under the will of Christina J. Coons, the Gima D. Coons Trust 1, the Gima D. Coons Revocable Inter Vivos Trust, and the Gima D. Coons Trust under the will of Christina J. Coons (the Coons) appeal from a judgment denying them recovery against the Hockley County Appraisal District (Hockley District). Though couched in different words, the issues raised by the Coons mirror those asserted by Devon Energy Production Company, L.P. and PennzEnergy Exploration and Production, L.L.C. in our cause number 07-04-0005-CV. Furthermore, the opinion we issued today in that case controls the outcome here. So we incorporate that opinion into this one and reverse the judgment of the trial court.

The record discloses that the Coons sued Hockley District to nullify various appraisals of their royalty interests. Those interests were created via three oil and gas leases, the M.G. Gordon Lease, the W.A. Coons Lease, and the Coons Lease. Furthermore, each lease involved realty crossing the Hockley and Terry County lines. That is, of the surface acreage mentioned in the Gordon lease, 83.3% lay in Hockley County while the remainder was in Terry County. Regarding the W.A. Coons lease, 85% of the surface acreage was in Hockley and the remainder in Terry. Finally, 82.5% of the surface in the Coons Lease was located in Hockley with the remainder in Terry.

Next, evidence of record illustrated that the borders of the subsurface mineral reserves were not co-terminous with those of the surface. For instance, 50% of the mineral reserves under the M.G. Gordon Lease were in Hockley County, while 71% under the W.A. Coons Lease were, and no percent of the reserves under the Coons Lease were. Moreover, in assessing the fair market value of the property subject to taxation by those taxing units in Hockley County, Hockley District relied not on the percentage of reserves

2

within the county but rather upon the number of surface acres. In other words, it calculated the value of the entire reserve captured within the respective lease and multiplied that number by the percentage of surface acres within Hockley County. This led to results which Coons found unacceptable. For instance, Hockley District concluded that 85% of the value of the reserves under the W.A. Coons Lease were subject to taxation by Hockley County entities even though none of the reserves were actually located in that county.

As previously mentioned, our opinion in cause number 07-04-0005-CV controls the outcome here. Furthermore, because the record at bar disclosed that Hockley District's appraisals failed to comport with the authority and analysis discussed in that opinion, we sustain the contention that the assessments were erroneous.

As to the matter of attorney's fees, we again refer the litigants to our opinion in 07-04-0005-CV. The analysis and authority discussed under point two of that document applies at bar. And, based upon that analysis and those authorities, the trial court is obligated to reconsider the issue.

Accordingly, we reverse the judgment and remand the cause.


Brian Quinn
Chief Justice